UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 632 |
| v. | ) | |
| | ) | Chief Judge Rubén Castillo |
| ABRAHAM BROWN, et al. | ) | |

**GOVERNMENT'S POSITION PAPER REGARDING
SUPPRESSION OF TRANSPORT VAN EVIDENCE**

During the February 26, 2014 status hearing in the above-titled case, the Court ordered the parties to file submissions regarding their positions on whether the Court should enter in this case the same suppression order entered in *United States v. Williams et* al, 12 CR 887 on February 18, 2014. (See 12 CR 887, Dkt. # 98.) In that case, the Court ordered suppression recordings from the back of a marked CPD transport van, but denied defendants' motion to suppress the post-arrest statements of defendants.

As the government noted in its response to defendant Brown's motion to suppress,[1] the government has no intention of using the transport van recordings at trial. In preparation for the previous July 8, 2013 trial date in this matter, the government provided to defense counsel transcripts of the recordings the government intended to introduce at trial, but no transcript for the transport van recording was provided. As a result, the government does not object to the suppression of the recording.

---

[1] Brown filed the motion to suppress. It is unclear from the record that any of his co-defendants joined the motion, though they have joined his position on the application of the *Williams* order. See Dkt. # 197.

The government agrees with the Court that defendants' post-arrest statements should not be suppressed. As the Court found in the *Williams* order and the government discussed in its response to defendant Brown's motion, the post-arrest statements are too attenuated to warrant their suppression even in light of the suppression of the transport van recording.

Based on the Court's February 18, 2014 ruling in *Williams*, and because the government does not intend to use the transport van recording at trial, the government does not object to the entrance of a similar suppression order in this case.

                Respectfully submitted,

                ZACHARY T. FARDON
                United States Attorney

By:   */s/ Yasmin N. Best*
      YASMIN N. BEST
      Assistant United States Attorney
      219 S. Dearborn Street, Fifth Floor
      Chicago, Illinois 60604

DATED: March 12, 2014       (312) 353-5300