UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 12 CR 632 |
| v. | ) | |
| | ) | Chief Judge Rubén Castillo |
| ABRAHAM BROWN, et al. | ) | |

**MOTION TO DISMISS COUNTS THREE AND FOUR OF THE INDICTMENT
PURSUANT TO FED. R. CRIM P. 48
AND AMEND COUNT FIVE OF THE INDICTMENT**

Now comes the UNITED STATES OF AMERICA, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, and pursuant to Fed. R. Crim. P. 48(a), moves to dismiss Counts Three and Four of the indictment and the associated Forfeiture Allegation One without prejudice, and to amend Count Five of the indictment and the associated Forfeiture Allegation Two.

**I. Dismissal of Counts Three and Four and Associated Forfeiture Allegation One**

As to Counts Three and Four of the indictment, the government moves to dismiss as follows:

- As to defendants Abraham Brown, Kenneth Taylor, Alfred Washington, and Christopher Davis, Count Three, which alleges a violation of Title 21, United States Code, Section 846, and associated Forfeiture Allegation One.

- As to defendants Abraham Brown, Kenneth Taylor, Alfred Washington, and Christopher Davis, Count Four which alleges a violation of Title 21, United States Code, Section 846, and associated Forfeiture Allegation One.

1

## II. Amendment of Count Five

The government also moves to amend Count Five and Forfeiture Allegation Two of the indictment to remove certain language and to correct an error regarding the serial number of a firearm described in the indictment. In support of this motion, the government states as follows:

### A. Correction of Serial Number

On September 13, 2012, defendants Abraham Brown, Kenneth Taylor, Alfred Washington, Dwaine Jones, and Christopher Davis were charged in a five count indictment, charging each defendant with conspiracy to possess with intent to distribute five kilograms or more of cocaine, attempt to possession with intent to distribute cocaine, conspiracy to commit a Hobbs Act robbery, and attempt to commit a Hobbs Act robbery. Additionally, Brown, Taylor, Washington and Jones were charged with possessing three firearms in furtherance of the other four counts of the indictment. Dkt. #45.

After the grand jury returned the indictment, agents from the ATF determined that there is an error in the indictment regarding the serial number of one of the firearms named in Count Five and in Forfeiture Allegation Two. Specifically, the indictment refers to a loaded Boito 12-gauge, double-barreled shotgun bearing serial number 172908. Further analysis by the ATF determined that the correct serial number for the loaded Boito 12-gauge, double-barreled shotgun recovered on the date of defendants' arrests is 172968.

The correct serial number is identified in the discovery, including the interstate nexus report and ATF laboratory reports, and other documents and reports previously provided to defendants. In short, case materials and reports make it clear that the 172908 in the indictment is a typographical error, and the correct serial number is the one on the weapon, 172968.

The government is permitted to amend an indictment for the purpose of correcting a non-substantive error. *See United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994) (amendments of technical, clerical, or other typographical errors are "generally benign" if they "would not alter the essential substance of the charged offense"); *United States v. Leichtman*, 948 F.2d 370, 376 (7th Cir. 1991) (modification "to correct for a typographical or clerical error or a misnomer" such as an incorrect date is permissible "unless the particular date is an important element of the charged offense").

The government sent written notice of the need for this motion to defense counsel in June 2013, and asked whether counsel had any objection to amendment of the indictment. To date, none of the attorneys have responded to the government's communication. The government filed a written motion regarding amendment of the serial number in August 2013 and set a briefing schedule for defendants. To date, no responses have been filed, and a ruling has not been issued. *See* Dkt. # 156, 160, 169.

This proposed change does not affect an element of the offense charged, and because defendants are already aware of the correct serial number, they are not prejudiced by this amendment.

**B.   Removal of certain language from Count Five and Forfeiture Allegation Two**

Additionally, the government further moves to amend Count Five of the indictment to remove the following:

- The phrases "and a drug trafficking crime" and "violations of Title 21, United States Code, Section 846, as set forth in Count Three and Four of this Indictment;"

- The term "short-barreled" from the description of the firearm in subparagraph 3; and

- The reference to Title 18, United States Code, Section 924(c)(1)(B)(i).

At trial, the government will present evidence that defendants Abraham Brown, Kenneth Taylor, and Alfred Washington possessed firearms in connection with the proposed robbery of a drug stash house, and thus will seek defendant's conviction under 18 U.S.C. §§ 1951(a) and 924(c)(1)(A).  Because the government has moved to dismiss the counts pertaining to alleged violations of Title 21, United States Code, Section 846, removal of references to that statute are appropriate in Count Five.

The government moves to remove the reference to a "short-barreled" shotgun from Count Five and Forfeiture Allegation Two, and the reference to the attendant penalty provision, Section 924(c)(1)(B)(i). Section 924(c)(1)(A) is a lesser-included offense of Section 924(c)(1)(B)(i). A lesser-included offense, as a general matter, is

4

one where the "elements of the lesser offense form a subset of the elements of the charged offense." *United States v. Schmuck*, 840 F.2d 384, 387-88 (7th Cir. 1988) (interpreting FED. R. CRIM. P. 31). Section 924(c)(1)(A) constitutes a subset of Section 924(c)(1)(B)(1) because the latter incorporates the former and enhances the applicable penalties for individuals who possess certain types of firearms, including short-barreled shotguns, in furtherance of crimes of violence.

It is well-settled that "[a]n indictment may be altered without resubmission to the grand jury as long as the alteration makes no material charge and there is no prejudice to the defendant." *United States v. Lorefice*, 192 F.3d 647, 653 (7th Cir. 1999). For example, the government may "drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it," including striking allegations of an aggravated offense where the proof at trial or jury instructions will cover a lesser included offense. *United States v. Miller*, 471 U.S. 130, 144 (1985); *see also, e.g., United States v. Duff,* 76 F.3d 122, 126 (7th Cir. 1996) ("a prosecutor may elect to proceed on a subset of the allegations in the indictment, proving a conspiracy smaller than the one alleged"); *United States v. Scott*, 1997 WL 137206, at *3-4 (7th Cir. 1997) (district court properly struck bankruptcy paragraph from indictment that was not essential to wire fraud charge).

Here, the allegations of the indictment as filed put defendants on notice of the charge of possession of firearms in furtherance of a crime of violence. Additionally, with the removal of the references to the "short-barreled" shotgun and Section 924(c)(1)(B)(i), defendants are not prejudiced, but rather benefit, from a

5

lower mandatory consecutive term of imprisonment. For the foregoing reasons, the Court should grant the request to amend the indictment as set forth in the attached Exhibit A.

**C.    Summary of proposed amendments**

The proposed indictment at Exhibit A reflects the proposed amendments outlined above.

- Counts Three and Four and Forfeiture Allegation One of the indictment have been removed.

- What was formerly Count Five has been renumbered as Count Three and Forfeiture Allegation Two has been renamed Forfeiture Allegation.

- Finally, the shotgun serial number has been corrected to reflect 172968 in the renumbered Count Three and the Forfeiture Allegation.

- The references to the term "short-barreled" have been removed from the renumbered Count Three and the Forfeiture Allegation.

- The phrases phrase "and a drug trafficking crime" and "violations of Title 21, United States Code, Section 846, as set forth in Count Three and Four of this Indictment," and the reference to Title 18, United States Code, Section 924(c)(1)(B)(i) have been removed from the renumbered Count Three.

## III. Conclusion

WHEREFORE, the government respectfully requests that this Court grant the government's motion to dismiss Counts Three and Four and associated Forfeiture Allegation One of the indictment. The government further requests that the Court grant its motion to amend the indictment and enter the proposed indictment attached hereto as Exhibit A.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: /s/ Yasmin N. Best
YASMIN N. BEST
Assistant United States Attorney
219 S. Dearborn Street, Fifth Floor
Chicago, Illinois 60604
Dated: January 16, 2015     (312) 469-6024

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 632 |
| v. | ) | |
| | ) | |
| ABRAHAM BROWN, | ) | Violations: Title 18, United States Code, |
|     also known as "AB;" | ) | Sections 924(c)(1)(A) and 1951(a) |
| KENNETH TAYLOR, | ) | |
|     also known as "T" and "Tango;" | ) | |
| ALFRED WASHINGTON, | ) | |
|     also known as "Pooh" and "Demon;" | ) | |
| DWAINE JONES, | ) | |
|     also known as "Nasty;" and | ) | |
| CHRISTOPHER DAVIS | ) | |

## COUNT ONE

The SPECIAL SEPTEMBER 2012 GRAND JURY charges:

1. Beginning no later than on or about July 10, 2012, and continuing to on or about August 14, 2012, at Lyons, in the Northern District of Illinois, Eastern Division, and elsewhere,

ABRAHAM BROWN,
also known as "AB;"
KENNETH TAYLOR,
also known as "T" and "Tango;"
ALFRED WASHINGTON,
also known as "Pooh" and "Demon;"
DWAINE JONES,
also known as "Nasty;" and
CHRISTOPHER DAVIS,

defendants herein, did conspire with each other and with others known and unknown to the Grand Jury, to obstruct, delay, and affect commerce and the

movement of any article in commerce by robbery, as "robbery" and "commerce" are defined in Title 18, United States Code, Section 1951(b), namely to steal cocaine by using force and violence from people whom defendants believed to be involved in the distribution of narcotics, in violation of Title 18, United States Code, Section 1951(a).

2. It was part of the conspiracy that defendant JONES and BROWN recruited defendants TAYLOR, WASHINGTON, and DAVIS to participate in the robbing of individuals whom defendants believed to be in possession of kilogram-quantities of cocaine.

3. It was further part of the conspiracy that defendants BROWN, TAYLOR, WASHINGTON, JONES, and DAVIS agreed to rob such individuals and further agreed to unlawfully enter a house where defendants believed such individuals possessed and stored cocaine.

4. It was further part of the conspiracy that defendants BROWN, TAYLOR, WASHINGTON, and JONES agreed to use and cause to be used firearms during the robbery.

5. It was further part of the conspiracy that defendants BROWN, TAYLOR, WASHINGTON, and JONES agreed to use materials to bind and restrain the individuals whom defendants believed to be in possession of kilogram-quantities of cocaine during the robbery.

6. It was further part of the conspiracy that defendants BROWN, TAYLOR, WASHINGTON, JONES, and DAVIS did misrepresent, conceal, hide, and cause to be hidden the purposes of acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1951(a).

# COUNT TWO

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

On or about August 14, 2012, at Lyons, in the Northern District of Illinois, Eastern Division, and elsewhere,

>ABRAHAM BROWN,
>also known as "AB;"
>KENNETH TAYLOR,
>also known as "T" and "Tango;"
>ALFRED WASHINGTON,
>also known as "Pooh" and "Demon;"
>DWAINE JONES,
>also known as "Nasty;" and
>CHRISTOPHER DAVIS,

defendants herein, did knowingly attempt to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, by robbery, as "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b), namely, by attempting to steal cocaine through force and violence from people whom defendants believed to be involved in the distribution of narcotics;

In violation of Title 18, United States Code, Sections 1951(a) and 2.

# COUNT THREE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

On or about August 14, 2012, at Lyons, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ABRAHAM BROWN,
> also known as "AB;"
> KENNETH TAYLOR,
> also known as "T" and "Tango;"
> ALFRED WASHINGTON,
> also known as "Pooh" and "Demon;" and
> DWAINE JONES,
> also known as "Nasty,"

defendants herein, knowingly possessed a firearm, namely:

(1) a loaded Lorcin 9-mm semi-automatic handgun, bearing serial number L051673;

(2) a loaded Smith & Wesson 9-mm semi-automatic handgun, bearing serial number DTF4712; and

(3) a shotgun, namely, a loaded Boito 12-gauge, double-barreled shotgun, bearing serial number 172968;

in furtherance of a crime of violence for which they may each be prosecuted in a court of the United States, namely, violations of Title 18, United States Code, Section 1951(a), a set forth in Counts One and Two of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

# FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2012 GRAND JURY further alleges:

1. The allegations in Count Five of this Indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

2. As a result of their violation of Title 18, United States Code, Section 924(c), as alleged Count Five of the Indictment,

>ABRAHAM BROWN,
>also known as "AB;"
>KENNETH TAYLOR,
>also known as "T;"
>ALFRED WASHINGTON,
>also known as "Pooh,"
>DWAINE JONES,
>also known as "Nasty,"

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any and all right, title, and interest they may have in any property involved in the charged offense.

3. The property of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), is:

(1) a Lorcin 9-mm semi-automatic handgun, bearing serial number L051673, and associated ammunition;

(2) a Smith & Wesson 9-mm semi-automatic handgun, bearing serial number DTF4712, and associated ammunition; and

(3) a shotgun, namely, a loaded Boito 12-gauge, double-barreled shotgun, bearing serial number 172968, and associated ammunition;

All pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

                                                      A TRUE BILL:

                                                      _____
                                                      FOREPERSON

_____
ACTING UNITED STATES ATTORNEY